UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP BROCK,<br><br>    Plaintiff,<br><br>    v.<br><br>BOBBY, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-01556-JDP (PC)<br><br>ORDER THAT:<br><br>(1) PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE GRANTED<br><br>(2) CLERK OF COURT ASSIGN A DISTRICT JUDGE TO RULE ON THESE FINDINGS AND RECOMMENDATIONS<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF Nos. 1 & 5<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff, a state prisoner, has filed a suit alleging far-reaching and, ultimately, frivolous conspiracies. ECF No. 1. I will grant his application to proceed *in forma pauperis*, ECF No. 5, and recommend that his complaint be dismissed without leave to amend.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff begins by alleging that, four and a half years ago, he was kidnapped and tortured for three days and nights by six unnamed persons. ECF No. 1 at 1. He claims that he eventually escaped and learned that the kidnapping was orchestrated by a development firm in Tennessee that was attempting to take his family property. *Id.* at 1-2. Plaintiff goes on to allege that inmate sex offenders in California are being targeted for murder after release from prison by unknown parties, though I cannot tell how this claim is related, if at all, to his allegations regarding the property in Tennessee. *Id.* at 3. The remainder of plaintiff's allegations are difficult to follow and involve allegations of illegal experimentation by prison officials and the activities of a domestic terror cell. *Id.* at 5-6. Plaintiff's allegations are frivolous because they describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Given that they cannot be saved by amendment, I will recommend they be dismissed without leave to amend.

Accordingly, I ORDER that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. The Clerk of Court is directed to assign a district judge to this action.

Further, I RECOMMEND that plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE